# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**Jason Coleman**,
Plaintiff,

vs.

**Mayor Wes Golden,**
**Judge Reid Poland,**
**Clerk Wendy Davis,**
**Corporal J. Daniel,**
**Probation Officer Keisha Johnson,**
Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

(Pursuant to 42 U.S.C. § 1983)

Plaintiff, **Jason Coleman**, by and through himself & *Pro Se* alleges as follows:

## PARTIES

Plaintiff, **Jason Coleman**, is an adult citizen residing at 1837 Bay Hill Dr. Apt A, Hixson, Tennessee 37343.

Defendant **Mayor Wes Golden** is Mayor for the municipal entity of the *Montgomery County Government* organized under the laws of Tennessee and responsible for policies and practices affecting law enforcement and jail administration;

**Coleman v. Golden,** *et. al* **1**

Defendant **Judge Reid Poland**, Defendant **Wendy Davis**, Defendant **Corporal J. Daniel**, and Defendant **Keisha Johnson** are being sued in their *official* capacities for actions taken under color of state law;

## JURISDICTION & VENUE

Jurisdiction is proper under **28 U.S.C. §§ 1331** and **1343** because this action arises under federal law, specifically **42 U.S.C. § 1983**;

Venue is proper in the Middle District of Tennessee pursuant to **28 U.S.C. § 1391(b)**, as the events giving rise to this lawsuit occurred in Montgomery County, Tennessee;

## FACTUAL ALLEGATIONS

On or around February 6, 2024, Plaintiff was taken into custody by Montgomery County law enforcement and assigned to Cell #6-10U, Individual #70099, pursuant to **Case No. 6522-CR-11143**, which included charges for DUI and PTR-DUI (probation violation).

Plaintiff was sentenced to:

*45 days for DUI*; and

*364 days for PTR-DUI under the same case number, which were imposed to run consecutively, resulting in a total sentence of 364 flat days, as recorded by Corporal J. Daniel on February 7, 2024.*

Despite having previously served six months of incarceration in Williamson and Dickson Counties for related proceedings, only 22 days of jail credit were applied to his Montgomery County sentence.

Jail policy, as outlined in the sentencing form, explicitly denies credit for prior time served unless ordered anew by the court—effectively disregarding constitutional guarantees of due process and equal protection.

The judgment form outlined punitive conditions: any refusal, termination, or lockdown negates credit eligibility and enforces 100% sentence service.

Plaintiff's prior time served, legal motions, and multiple filings—including requests for sentence adjustments and jail credit—were ignored without hearing or merit-based review by Defendants.

Ultimately, the prosecution against Plaintiff terminated without a conviction, satisfying the "favorable termination" standard under Thompson v. Clark, 596 U.S. ____ (2022).

As a direct result of these actions, Plaintiff suffered:

**Loss of liberty**

- *Emotional and psychological distress*
- *Financial harm, including burdensome fees totaling over $30,891.50 ; and*
- *Impacts to reputation and civil standing.*

## CLAIMS FOR RELIEF

*COUNT I: FALSE IMPRISONMENT* (Fourth Amendment, § 1983)

- Plaintiff's incarceration lacked lawful justification, was not supported by valid legal process, and violated his Fourth Amendment rights.
- Defendants, acting under color of state law, caused Plaintiff to be unlawfully detained and deprived of liberty.

*COUNT II: MALICIOUS PROSECUTION* (Fourth Amendment, § 1983)

- Defendants initiated and sustained criminal prosecution against Plaintiff without probable cause and with malice.
- The proceedings concluded in Plaintiff's favor and caused extensive deprivation of liberty and collateral harm.

## DAMAGES

*Plaintiff seeks:*

*Coleman v. Golden, et. al* 3

- Compensatory damages for emotional suffering, financial loss, and unlawful imprisonment;
- Punitive damages against individual Defendants for reckless disregard of Plaintiff's rights;
- Declaratory judgment confirming violations of federal rights;
- Injunctive relief to prevent future misconduct;
- Costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment in his favor against Defendants, jointly and severally, and award:

- Monetary damages in an amount to be determined at trial;

- Declaratory and injunctive relief as appropriate;

- Reasonable attorney's fees and litigation costs;

- Any other relief deemed just and proper.

Respectfully Submitted,

**Jason Coleman**
1837 Bay Hill Dr. Apt A
Hixson, TN 37343
Email: colemanrock22@gmail.com
Phone: 931-218-8902
Plaintiff; *Pro Se*

Coleman v. Golden, *et. al* 4

# CERTIFICATE OF SERVICE

I, Jason Coleman, pursuant to 28 U.S.C. § 1746, hereby declare under

penalty of perjury that the following is true and correct:

On this 23rd day of ___July___, 2025, I served a true and correct copy

of the Complaint for Violations of Civil Rights pursuant to 42 U.S.C. § 1983,

via United States Postal Service First Class Mail, postage prepaid, to the

following parties:

**County Mayor Wes Golden**
Montgomery County Mayor
1 Millennium Plaza
Clarksville, TN 37040

**Judge Reid Poland**
Montgomery County General Sessions Court
2 Millennium Square Plaza, Suite 115
Clarksville, TN 37040

**Clerk Wendy J. Davis**
Montgomery County General Sessions / Criminal / Traffic Division
2 Millennium Square Plaza, Suite 115
Clarksville, TN 37040

**Corporal J. Daniel**
Court Liaison, Montgomery County Jail
116 Commerce Street
Clarksville, TN 37040

**Probation Officer Keisha Johnson**
Montgomery County Probation Office

*Coleman v. Golden, et. al* 5

100 Providence Blvd – Suite A
Clarksville, TN 37402

Executed on this 23rd day of July, 2025.

Respectfully Submitted,

**Jason Coleman**, *Plaintiff; Pro Se*
1837 Bay Hill Dr., Apt A
Hixson, TN 37343
Email: colemanrock22@gmail.com
Phone: 931-218-8902

*Jason Coleman*