UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>WES GOLDEN et al.,<br><br>    Defendants. | Case No. 3:25-cv-00833<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se Plaintiff Jason Coleman's incarceration in Montgomery County, Tennessee. (Doc. No. 1.) Coleman's complaint asserts false imprisonment and malicious prosecution claims against Defendants J. Daniel, Wendy J. Davis, Wes Golden, Reid Poland, and Keisha Johnson. (*Id.*)

Before the Court are Daniel, Davis, Golden, and Poland's motion to dismiss Coleman's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief may be granted (Doc. No. 13), Coleman's motion for leave to amend his complaint under Federal Rule 15(a)(2) to substitute Latisha M. Johnson as a defendant for Keisha Johnson (Doc. No. 15), Coleman's proposed amended complaint (Doc. No. 17), and Coleman's motions for an extension of time to effect service of process on Latisha M. Johnson and to stay this action pending service (Doc. Nos. 18, 22).

I.   Analysis

   A.   **Daniel, Davis, Golden, and Poland's Motion to Dismiss**

The docket reflects that Daniel, Davis, Golden, and Poland filed their Rule 12(b)(6) motion to dismiss (Doc. No. 13) more than thirty days after they filed an answer (Doc. No. 12) to Coleman's original complaint.

It is black-letter law that a Rule 12(b)(6) motion to dismiss "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (4th ed. suppl. Sep. 2025) ("[A] motion made under Rule 12(b)(6) that raises the defense of failure to state a claim upon which relief may be granted must be made before the service of a responsive pleading[.]"). "[T]herefore, a post-answer Rule 12(b)(6) motion is untimely and the cases indicate that some other vehicle, such as a motion for judgment on the pleadings or for summary judgment, must be used to challenge the plaintiff's failure to state a claim for relief at that point." 5B Wright & Miller, *Federal Practice and Procedure* § 1357 (footnote omitted).

Because Daniel, Davis, Golden, and Poland filed their answer (Doc. No. 12) before filing their motion to dismiss (Doc. No. 13), the motion to dismiss is untimely, and the Court will direct the Clerk of Court to administratively terminate it.

   B.   **Coleman's Motion for Leave to Amend**

Coleman filed a motion for leave to amend his complaint under Rule 15(a)(2) on October 14, 2025. (Doc. No. 15.) Coleman requests leave to amend "to correct the identity of one of the named [d]efendants." (*Id.* at PageID# 99.) Coleman states that, "upon receipt of [the] [d]efendants' Rule 12 [m]otion to [d]ismiss and" supporting papers, he was "made aware of" Defendant Johnson's "true and correct identity[,]" which is "'Latisha M. Johnson'" and not Keisha

Johnson. (*Id.* at PageID# 100.) Coleman therefore requests leave to substitute Latisha M. Johnson for Keisha Johnson in a "forthcoming [a]mended [c]omplaint . . . ." (*Id.* at PageID# 102, ¶ 3.)

Daniel, Davis, Golden, and Poland responded in opposition to Coleman's motion for leave to amend on October 16, 2025, arguing that Coleman failed to attach a proposed amended complaint to his motion as required by Local Rule 15.01(a)(1) and that Coleman's proposed amendment is futile for the reasons argued in the defendants' motion to dismiss the original complaint. (Doc. No. 16.) Keisha Johnson has not appeared in this action or responded to Coleman's motion to amend.

On the same day that Daniel, Davis, Golden, and Poland filed their opposition to Coleman's motion to amend, Coleman filed a proposed amended complaint naming Latisha M. Johnson as a defendant instead of Keisha Johnson. (Doc. No. 17.) On December 5, 2025, Coleman filed a reply and memorandum of law supporting his motion for leave to amend his complaint. (Doc. Nos. 24, 25.)

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it

would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing de novo district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

Daniel, Davis, Golden, and Poland oppose Coleman's motion to amend on two grounds, Coleman's failure to attach a proposed amended complaint to his motion and futility. (Doc. No. 16.) But Coleman has since filed a proposed amended complaint. (Doc. No. 17.) Daniel, Davis, Golden, and Poland have not argued that they will be unduly prejudiced by allowing the amended complaint, and the Court finds that there are no other apparent reasons to deny leave to amend under Rule 15(a)(2). Under the unique circumstances of this case, Daniel, Davis, Golden, and Poland's futility arguments are best resolved in the context of a dispositive motion directed at the amended pleading. *See, e.g.*, *Burusa v. Wilson*, Case No. 3:24-cv-00320, 2024 WL 3166907, at *2 (M.D. Tenn. June 25, 2024) (finding that "allowing [defendant's] substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural postures"). Coleman's motion for leave to amend (Doc. No. 15) will therefore be granted.

However, Coleman's proposed amended complaint (Doc. No. 17) does not comply with the signature requirements of Federal Rule of Civil Procedure 11(a) and Local Rule 7.03(a).

4

Rule 11 requires "[e]very pleading, written motion, and other paper [to] be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a); *see also* M.D. Tenn. R. 7.03(a) (form) ("All pleadings must be signed as required by Fed. R. Civ. P. Rule 11, and names must be typed or printed beneath all signature lines."). "As Rule 11(a) is now framed, . . . the requirement of a signature [ ] indicate[s], as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). If a party does not promptly correct an unsigned paper after the omission is called to their attention, "[t]he court must strike [the] unsigned paper . . . ." Fed. R. Civ. P. 11(a).

Coleman's proposed amended complaint includes his typed name, mailing address, e-mail address, and phone number, but does not include a handwritten signature. (Doc. No. 17.) The proposed amended complaint therefore does not comply with the signature requirements of Federal Rule 11(a) and Local Rule 7.03(a) and must be refiled.

The Court will therefore order Coleman to file a signed version of his amended complaint by January 19, 2026

**C.     Coleman's Motions to Extend the Service Deadline and to Stay this Action**

October 30, 2025, Coleman filed a motion requesting that the Court extend the time for Coleman to effect service of process on Latisha M. Johnson and "stay all proceedings and deadlines—including any ruling on [the] [d]efendants' pending Rule 12 [m]otion to [d]ismiss—until [ ] Latisha M. Johnson is properly served." (Doc. No. 18, PageID# 119.) Coleman's motion includes his typed name, mailing address, e-mail address, and phone number, but it does not include a handwritten signature. (*Id.* at PageID# 120.)

5

Daniel, Davis, Golden, and Poland filed a response to Coleman's motion on November 3, 2025, stating that they "express no position on" Coleman's request for additional time to serve Latisha M. Johnson, but they oppose Coleman's request for a stay. (Doc. No. 20, PageID# 132.)

On December 5, 2025, Coleman filed another motion requesting that the Court extend the deadline to serve Latisha M. Johnson and stay these proceedings until she is served. (Doc. No. 22.) This motion is substantively identical to Coleman's earlier motion, but it includes Coleman's handwritten signature (*id.* at PageID#142) in compliance with Federal Rule 11(a) and Local Rule 7.03(a).

Because Coleman has not yet filed a signed amended complaint naming Latisha M. Johnson as a defendant in this action, his request for an extension of time to serve her is premature. Once Coleman files his signed amended complaint as ordered by the Court, he will be responsible for requesting a summons for Latisha M. Johnson and serving her with process, in compliance with Federal Rule of Civil Procedure 4, within the ninety-day time period provided by Federal Rule 4(m).

Because the Court will administratively terminate Daniel, Davis, Golden, and Poland's motion to dismiss Coleman's original complaint for the reasons explained above, Coleman's request to stay the Court's ruling on that motion is moot. Coleman's request to stay all proceedings pending service of Latisha M. Johnson will be denied.

II.     **Conclusion**

Accordingly, the Clerk of Court is DIRECTED TO ADMINISTRATIVELY TERMINATE Daniel, Davis, Golden, and Poland's motion to dismiss (Doc. No. 13) the original complaint as untimely.

Coleman's motion for leave to amend (Doc. No. 15) is GRANTED.

6

Case 3:25-cv-00833   Document 26   Filed 01/01/26   Page 6 of 7 PageID #: 168

Coleman is ORDERED to refile a signed copy of his amended complaint (Doc. No. 17) that complies with the signature requirements of Federal Rule of Civil Procedure 11(a) and Local Rule 7.03(a) by January 19, 2026.

Daniel, Davis, Golden, and Poland are ORDERED to respond to Coleman's signed amended complaint, in a manner contemplated by the Federal Rules of Civil Procedure, within twenty-one days after Coleman files the signed amended complaint.

Coleman's motions to extend the deadline to serve Latisha M. Johnson and to stay (Doc. Nos. 18, 22) are DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge