JASON COLEMAN,

    Plaintiff,

v.

WES GOLDEN, et al.,

    Defendants.

Case No. 3:25-cv-00833

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

To:    The Honorable Waverly D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

This action has been referred to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) and (B) to dispose or recommend disposition of any pretrial motions. (Doc. No. 21.) Before the Court are Daniel, Davis, Golden, and Poland's (hereinafter referred to as "Defendants") motion to dismiss Plaintiff's ("Coleman") amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief may be granted (Doc. No. 28.) For the foregoing reasons, the Magistrate Judge recommends that Defendants' motion to dismiss be granted and Coleman's amended complaint (Doc. No. 27) be dismissed without prejudice to refiling.

## I.    Background

### A.    Factual Background

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se Plaintiff Jason Coleman's jail credit calculation for time served in Montgomery County, Tennessee, Dickson County, Tennessee, and Williamson County, Tennessee, jails. (Doc. No. 27.) Coleman's amended complaint asserts false imprisonment and malicious prosecution claims against the following

Montgomery County Defendants in their official capacities: J. Daniel, a Corporal with the Sheriff's Department; Circuit Court Clerk Wendy J. Davis; Mayor Wes Golden; General Sessions Judge Reid Poland, and Probation Officer Latisha M. Johnson.[1] (*Id.*) Coleman's factual allegations stem from an August 30, 2020 arrest for driving under the influence ("DUI") and driving on a revoked license. (Doc. No. 29-1.) Pursuant to Coleman's guilty plea, he was sentenced to serve eleven months and twenty-nine days in the Dickson County Jail, all of which was suspended except for two days. (Doc. No. 29-2.) Coleman was also fined $350.00, required to complete a DUI or Mothers Against Drunk Driving ("MADD") course, required to have an interlock device installed in his vehicle, and he was placed under supervised probation for the remainder of his sentence. (*Id.*)

On April 13, 2022, Coleman was issued his first probation violation for failing to complete the two days of outstanding jail time ordered under his plea agreement. (Doc. No. 29-3.) In September 2022, Coleman was arrested and charged with his second DUI, though the charge was later amended to "DUI 1st" and he was sentenced to serve forty-five days in the Montgomery County Jail over consecutive weekends. (Doc. Nos. 29-4, 29-5, 29-6.) On October 13, 2022, Defendant Johnson petitioned the General Sessions Court for Montgomery County, Tennessee, for the revocation of Coleman's suspended sentence and ordering Coleman to serve the entirety of his sentence as initially rendered. (Doc. No. 29-7.)

Coleman asserts that he was deprived of jail credit from his time served on "related proceedings" when serving his Montgomery County sentence for DUI and violation of probation.

---

[1] A summons issued for Latisha M. Johnson on January 30, 2026 (Doc. No. 30); however, she has not been served.

(Doc. No. 27.) Coleman claims without any factual support that the prosecution against him "terminated without a conviction." (*Id.* at 4.)

## B.     Procedural History

Coleman filed his initial complaint on July 23, 2025. (Doc. No. 1.) Defendants answered. (Doc. No. 12.) Several days later, they filed a motion to dismiss. (Doc No. 13.) Coleman sought leave to amend his complaint (Doc. No. 15) and the Defendants opposed the motion (Doc. No. 16). The Court terminated Defendants' motion to dismiss as untimely and granted Coleman leave to file an amended complaint. (Doc. No. 26.) On January 16, 2026, Coleman filed his amended complaint which states as follows:

> On or around February 6, 2024, Plaintiff was taken into custody by Montgomery County law enforcement and assigned to Cell #6-10U, Individual #70099, pursuant to **Case No. 6522-CR-11143**, which included charges for DUI and PTR-DUI (probation violation).
>
> Plaintiff was sentenced to:
>
> 45 days for DUI; and
>
> 364 days for PTR-DUI under the same case number, which were imposed to run consecutively, resulting in a total sentence of 364 flat days, as recorded by Corporal J. Daniel on February 7, 2024.
>
> Despite having previously served six months of incarceration in Williamson and Dickson Counties for related proceedings, only 22 days of jail credit were applied to his Montgomery County sentence.
>
> Jail policy, as outlined in the sentencing form, explicitly denies credit for prior time served unless ordered anew by the court—effectively disregarding constitutional guarantees of due process and equal protection.
>
> The judgment form outlined punitive conditions: any refusal, termination, or lockdown negates credit eligibility and enforces 100% sentence service.
>
> Plaintiff's prior time served, legal motions, and multiple filings—including requests for sentence adjustments and jail credit—were ignored without hearing or merit-based review by Defendants.

3

> Ultimately, the prosecution against Plaintiff terminated without a conviction, satisfying the "favorable termination" standard under Thompson v. Clark, 596 U.S. ___ (2022).
>
> As a direct result of these actions, Plaintiff suffered:
>
> **Loss of liberty**
>
> • Emotional and psychological distress
> • Financial harm, including burdensome fees totaling over $30,891.50; and
> • Impacts to reputation and civil standing.

(Doc. No. 27 at 3–4.) Coleman did not attach any documents related to the earlier criminal proceedings to his amended complaint. Defendants filed another motion to dismiss (Doc. No. 28) and attached the relevant pleadings from the earlier criminal proceedings to their supporting memorandum (Doc. No. 29–29-12). Coleman responded (Doc. No. 31), and the Defendants replied (Doc. No. 32). Coleman also filed a sur-reply (Doc. No. 33), but he did so without leave of the Court. Courts have the discretion to consider sur-replies filed by pro se litigants. *Washington v. Riverview Hotel, Inc.*, Case No. 3:19-cv-00097, 2020 WL 12990974, at *2 n.1 (M.D. Tenn. May 14, 2020). The Court will exercise that discretion, but, moving forward, Coleman is advised that, if he seeks to file a sur-reply, he must first file a motion requesting leave to do so and explain the basis for his request. *See Dowell v. Zinke*, No. 3:19-cv-105, 2019 WL 1768871, at *1 n.1 (M.D. Tenn. Apr. 1, 2019) (considering pro se plaintiff's sur-reply given her pro se status), *report and recommendation adopted by* 2019 WL 1768161 (M.D. Tenn. Apr. 22, 2019). This matter is ripe for decision.

II.      **Legal Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of

Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Coleman appears pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). "[C]ourts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "To command otherwise would require the Court to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

5

strongest arguments and most successful strategies for a party." *Miles v. Kennington*, No. 3:17-CV-P514, 2017 WL 5988352, at \*2 (W.D. Ky. Dec. 1, 2017) (internal quotations omitted)

### III.      Analysis

Defendants argue that Coleman has failed to plausibly plead claims of false imprisonment and malicious prosecution and his suit should be dismissed as a matter of law. (Doc. No. 29.) In opposing Defendants' motion to dismiss, Coleman argues that he has met his burden at this stage by pleading allegations that, accepted as true, plausibly state claims under 42 U.S.C. § 1983. (Doc. No. 31.) The Court reiterates that, while Coleman's amended complaint is viewed in the light most favorable to him and his well-pleaded factual allegations are accepted as true, that principle has its limits and "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at \*3 (6th Cir. May 5, 2010)

As a threshold matter, the Court must determine whether Defendants' motion is properly considered as one to dismiss Coleman's complaint under Rule 12(b)(6) or as a motion for summary judgment under Rule 56. Federal Rule of Civil Procedure 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Defendants appended to their memorandum in support of their motion to dismiss state court records showing Coleman's guilty plea to DUI-1st, the terms of his sentence, and probation's subsequent filings with state courts that Coleman violated the terms of his probation. (Doc. Nos. 29-1–29-12.)

Coleman argues that "Defendants' reliance on extrinsic records is procedurally improper" because they "rely extensively on attached criminal records and invite the Court to reject Plaintiff's allegations in favor of Defendants' interpretation" of the records to which he himself refers in his

amended complaint. (Doc. No. 31 at 3.) Citing no supporting authorities, Coleman further argues that, where "the meaning accuracy, and completeness of the records Defendants rely upon" are purportedly "central disputed issues" then dismissal would be "inconsistent with Rule 12 and this Court's precedent." (*Id.* at 4.) Here, Coleman's amended complaint relies heavily, even if indirectly, on these state court documents. Although he does not attach or otherwise cite to the documents that Defendants later appended to their memorandum, he cites to his sentence, jail credits and jail policy related thereto, and "prior time served, legal motions, and multiple filings" in supporting his claims. (Doc. No. 27.) Coleman's reliance on these very same documents is sufficient reason for the court to consider the information without converting Defendants' motion to dismiss to a motion for summary judgment.

As is relevant here, the Court may also consider documents from state court proceedings in deciding a motion under Rule 12(b)(6) without converting that motion into one for summary judgment. *See Plassman v. City of Wauseon*, 85 F.3d 629 (6th Cir. 1996) (finding that review of state-court proceedings during a motion to dismiss was permitted and noting that "any federal court may take judicial notice of the proceedings in other courts of record") (citation omitted). *See also Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) ("A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999))). Doing so is the more efficient path to follow in this case, and the Court will proceed under Rule 12.

### A.     False Imprisonment[2]

As set forth in his amended complaint, Coleman alleges that Defendants violated his rights under the Fourth Amendment because his incarceration "lacked lawful justification" and "was not

---

[2]     Although Coleman pleaded a claim of false imprisonment in his operative complaint, he appears to argue for the first time in his response to Defendants' motion to dismiss for a claim of

supported by valid legal process" which "caused [Coleman] to be unlawfully detained and deprived of liberty." (Doc. No. 27 at 5.) To successfully prosecute a claim of false imprisonment, the plaintiff must prove "(1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint." *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 659 (Tenn. 1990). False imprisonment is the intentional restraint or detention of another without just cause and "[l]ike the tort of malicious prosecution, false imprisonment requires that the defendant must have acted without probable cause." *Brown v. SCOA Industries, Inc.*, 741 S.W.2d 916, 919–20 (Tenn. Ct. App. 1987) (internal citations omitted).

In arguing that dismissal is warranted, Defendants raises multiple arguments. First, Defendants state that, where Coleman seeks jail credits from time served in Williamson County and Dickson County, he seeks to "double dip" for credits from periods of continuous confinement for wholly separate and unrelated charges. (Doc. No. 29.) Alternatively, Defendants argue that his false imprisonment claim is time-barred. (*Id.*) Defendants also argue that their motion to dismiss should be granted because, in part, § 1983 is an inappropriate vehicle for relief where a plaintiff seeks a reduction in the length of his actual confinement. In response, Coleman seemingly abandons his argument for false imprisonment, instead concluding his response brief by that stating he relies, in part, on the legal principle that "[o]ver-detention violates the Fourteenth Amendment[.]" (Doc. No. 31 at 6.)

---

"unlawful over-detention" under the Fourteenth Amendment that entails different elements than the false imprisonment and malicious prosecution claims in his amended complaint. (Doc. No. 31.) "Generally, a plaintiff may not amend his complaint by adding factual allegations as a part of a response in opposition to a motion to dismiss." *Becton v. Corr. Corp. of Am.*, No. 3:16–2282, 2017 WL 1461632, at *2 (M.D. Tenn. Mar. 28, 2017). *See also Orea Energy Group, LLC v. E. Tenn. Consultants, Inc.*, No. 3:09–CV–041, 2009 WL 3246853 at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

8

The Court finds that Defendants' latter argument carries weight and that Coleman's false imprisonment claim should be dismissed because the relief sought may not be granted via a § 1983 claim. Defendants cite a recent case from this Court that explained, in relevant part, that, when applying the Supreme Court's expansive precedent on the issue of an incarcerated individual's length of imprisonment, the plaintiff there was requited to

> seek relief through habeas corpus, even though he seeks compensatory and punitive damages (and not release from confinement). His claims for damages are premised upon the assumption that Plaintiff has been incarcerated months longer than he should have been. Success on his claims for damages based on a corrected calculation of his "jail credits" would necessarily "imply the unlawfulness of the State's custody," *Wilkinson* [*v. Dotson*], 544 U.S. [74,] 81 [2005], require a recalculation of his release eligibility date, and shorten his total sentence by a specific number of days. The Court therefore finds, despite Plaintiff's claims for damages only, the relief in this case must be sought under the habeas corpus statutes.

(Doc. No. 29 at 191) (footnotes omitted). Coleman argues that Defendants' reliance on the Court's reasoning in *Scott v. City of Lebanon, Tennessee*, No. 3:25-CV-00234, 2025 WL 1738667 (M.D. Tenn. June 20, 2025), is misplaced because he is not seeking an immediate release from custody, a recalculation of his sentence, or prospective confinement relief. (Doc. No. 31.) Instead, he seeks "retrospective damages" for "time already served[.]" (*Id.* at 4.)

Here, however, Coleman's argument still fails. For example, a sister court in the Sixth Circuit examined a similar claim where the plaintiff challenged the duration of his confinement after he had been released from state jail and sought damages "for the '99 days' he was unable to" pursue employment as a result of his alleged "false imprisonment." *Winn v. Cuyahoga Cnty. Sheriff*, No. 1:14-cv-0249, 2014 WL 4662082, at *2 (N.D. Ohio Sep. 16, 2014). There, the Court found that, even construing the pro se plaintiff's pleadings liberally, "[a]ny pleading filed after his release from prison which challenges the length of his confinement, does not encompass a federal issue over which this Court has jurisdiction." *Id.* at *4. More pointedly, the Court explained that

"[w]henever a prisoner challenges the 'legality or duration' of his confinement, that claim *must be raised* in a habeas corpus proceeding." *Id.* at *3 (emphasis added).

Without deciding the merits of any of the Defendants' alternative arguments, the Court finds that the relief Coleman seeks cannot be decided at this stage because his false imprisonment claim is one that must be addressed through a habeas corpus proceeding. Accordingly, the Defendants' motion should be granted as to this claim.

### B.       Malicious Prosecution

Similarly alleging a violation of his Fourth Amendment rights, Coleman brings one count of malicious prosecution and argues that "Defendants initiated and sustained criminal prosecution . . . without probable cause and with malice[ ]" and that those proceedings "concluded in [Coleman's] favor and caused extensive deprivation of liberty and collateral harm." (Doc. No. 27 at 5.) As this Court has written,

> To prove a claim of malicious prosecution under the Fourth Amendment, a plaintiff must prove four elements: (1) "a criminal prosecution was initiated against the plaintiff and [ ] the defendant made, influenced, or participated in the decision to prosecute;" (2) there "was a lack of probable cause for the criminal prosecution;" (3) "as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure;" and (4) "the criminal proceeding must have been resolved in the plaintiff's favor."

*Staten v. Dickson, Tennessee*, No. 3:16–cv–00771, 2017 WL 4232677, at *3 (M.D. Tenn. Sep. 25, 2017) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)).

Here, Defendants argue first that Coleman's claim fails because he has not shown that any of the charges for which he claims he was maliciously prosecuted were resolved as "favorable termination." (Doc. No. 29.) Alternatively, Defendants argue that such a claim is time-barred. (*Id.*) Coleman opposes Defendants' arguments and counters—without citing or directing the court to any specific authorities in support—that this Court has previously "drawn clear distinctions

10

between[ ]" malicious prosecution claims that challenge the initiation of prosecution and claims that challenge one's continued detention without legal authority and, because Coleman is raising a claim as to the latter, the "[f]avorable termination" element of a malicious prosecution claim "is therefore not dispositive at the pleading stage." (Doc. No. 31 at 5.) Coleman also asserts in his unauthorized sur-reply that the Court must construe his pro se pleadings liberally and that, as a result, the Court should understand through his amended complaint—wherein he argues forcefully that the favorable termination prong was satisfied (Doc. No. 27 at 5)—that "[w]hether described as False Imprisonment, Continued detention, [or] a Due process violation[,] the core claim remains . . . ." (Doc. No. 33 at 4.) The Court cannot and will not do Coleman's work for him and the only claim properly before the Court here is one for malicious prosecution.

Despite Coleman's insistence that favorable termination is not necessary to show in his pleadings, this is plainly an incorrect understanding of the standard he must plausibly plead. As this Court has stated in no uncertain terms, while a "malicious prosecution" claim can support a claim for "'continued detention without probable cause'"

> such a claim based on the wrongfulness of Plaintiff's prosecution and continued detention cannot be brought unless and until criminal proceedings terminate in his favor. *Sykes*, 625 F.3d at 309 (citing *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.")); *see King v. Harwood*, 852 F.3d 568, 578–79 (6th Cir. 2017) (finding that, unlike claims for false arrest or false imprisonment, "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings"). For these purposes, favorable termination "does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence," but only that it "ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49, 142 S.Ct. 1332, 212 L.Ed.2d 382 (2022).

*Thackston v. Mauldin*, No. 3:23-cv-01161, 2024 WL 2806168, at *3 (M.D. Tenn. May 31, 2024); *see generally id.* (dismissing pro se, *in forma pauperis* Plaintiff's complaint for failure to state a viable claim of malicious prosecution under § 1983).

Coleman's arguments to this point are, at best, conclusory in nature (Doc. No. 27) and, at worst, imply that no proof of favorable termination is needed at this stage of litigation. Because Coleman has failed to even plausibly plead facts supporting a necessary element of a claim of malicious prosecution, his claim is not viable and Defendants' motion to dismiss should be granted as to the claim.

## IV.      Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Defendants' motion to dismiss (Doc. No. 28) should be GRANTED and Coleman's amended complaint (Doc. No. 27) should be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 8th day of April, 2026.

LUKE A. EVANS
United States Magistrate Judge